fact were considered on this appeal. Appellant is a young man 17 years of age. On August 30, 1968 his mother filed a complaint in the District Court of Nassau County, charging him with being a wayward minor in that he was "wilfully disobedient * * * and * * * is in danger of becoming morally depraved" because he "has been staying out all night, drinking and is consorting with others who are drinking and smoking marijuana." On October 18, 1968 the District Court transferred the case to the Family Court, Nassau County, apparently because of the parent-child relationship of the complainant and appellant. On October 31, 1968 a hearing was held in the Family Court; the Judge there presiding ruled that the Family Court had no jurisdiction of a wayward minor charge against a male over 16 years of age; and on his own motion he transferred the proceeding back to the District Court. Parenthetically, it may be noted that the order (a printed form) entered on that oral decision recites that the processes of the Family Court are inappropriate for the disposition of this matter; and it makes no mention of lack of jurisdiction. However, the hearing minutes plainly show that the proceeding was transferred because of the court's belief that it lacked jurisdiction as a matter of law, not because it deemed the Family Court processes inappropriate for the disposition of the proceeding; both parties have treated the determination as one bottomed on alleged lack of jurisdiction and have so briefed this appeal from that order; and we therefore shall determine the appeal on that basis. In our opinion, the alleged acts and conduct of appellant, as set forth in the complaint of his mother which initiated the wayward minor proceeding in the District Court, constitute intrafamilial disorderly conduct within the ambit of section 812 of the Family Court Act. Hence, the Family Court has exclusive original jurisdiction of this matter and it was improper for the Family Court to transfer it to the District Court on the ground of lack of jurisdiction in the Family Court (Family Court Act, § 812; cf. *People* v. *Johnson*, 20 N Y 2d 220). And if we were not holding that the Family Court has exclusive original jurisdiction of this matter, we would have held that it has at least concurrent jurisdiction of the wayward minor proceeding, since any Magistrate, except a Justice of the Peace, can adjudge a person to be a wayward minor (Code Crim. Pro., § 913-b); and a Family Court Judge is a Magistrate (Family Ct. Act, § 151). While we are reversing the order because it was bottomed on an erroneous belief that the Family Court lacked jurisdiction, our remission of the matter to the Family Court is not intended to mean that the matter *must* be retained in that court for disposition, since the Family Court has discretionary power to transfer it to an appropriate criminal court if it concludes that the processes of the Family Court are inappropriate (Family Ct. Act, §§ 811, 816; *People* v. *Johnson*, 20 N Y 2d 220, *supra*). With respect to appealability of the order, it is our opinion that it is appealable as of right, since it affects a substantial right and is a final order terminating the proceeding in the Family Court (*Matter of Maliades* v. *Maliades*, 17 A D 2d 994; *Matter of Taylor* v. *Taylor*, 23 A D 2d 747). Rabin, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.

In the Matter of F. D. G. CONSTRUCTION CORP., Respondent, v. JAN H. VAN DEN HENDE, as Mayor of the Incorporated Village of Pomona, et al., Appellants.— Appeal from a judgment of the Supreme Court, made August 16, 1968 in Orange County and entered August 19, 1968 in Rockland County, dismissed as academic, without costs. The judgment was vacated by the order of said court dated November 12, 1968, which granted reargument. Appeal, as limited by appellants' brief, from so much of an order of the Supreme Court, made November 12, 1968 in Orange County and entered

November 14, 1968 in Rockland County, as, on reargument, adhered to the determination in the judgment entered August 19, 1968. Order affirmed insofar as appealed from, without costs. No opinion. Christ, Acting P. J., Brennan, Rabin, Munder and Martuscello, JJ., concur.

■ In the Matter of ELLA HUNTE, Respondent, v. JAN H. VAN DEN HENDE, as Mayor of the Incorporated Village of Pomona, et al., Appellants.— Appeal from a judgment of the Supreme Court, made August 16, 1968 in Orange County and entered August 19, 1968 in Rockland County, dismissed as academic, without costs. The judgment was vacated by the order of said court dated November 12, 1968, which granted reargument. Appeal, as limited by appellants' brief, from so much of an order of the Supreme Court, made November 12, 1968 in Orange County and entered November 14, 1968 in Rockland County, as, on reargument, adhered to the determination in the judgment entered August 19, 1968. Order affirmed insofar as appealed from, without costs. No opinion. Christ, Acting P. J., Brennan, Rabin, Munder and Martuscello, JJ., concur.

■ In the Matter of TRANS COUNTRY STORAGE, INC., Appellant, v. BADLER & ZITO, Respondents.— In a proceeding by a judgment creditor to direct third parties to turn over money which is the property of or owed to the judgment debtor, pursuant to CPLR 5225 and 5227, the petitioner appeals from an order of the Supreme Court, Nassau County, dated January 9, 1969, which (1) granted the third parties' motion to vacate a prior order of said court, dated August 23, 1968, granting the application, and (2) denied the application. Order reversed, on the law and the facts, with $20 costs and disbursements; third parties' motion denied; and original determination, granting the application, adhered to. (See *Koroleski* v. *Badler*, 32 A D 2d 810.) Beldock, P. J., Brennan, Benjamin, Munder and Martuscello, JJ., concur.

■ JOHN KOROLESKI, Respondent, v. LELAND BADLER et al., Appellants.— In a proceeding by a judgment creditor to direct third parties to turn over money which is the property of or owed to the judgment debtor, pursuant to CPLR 5225 and 5227, the third parties appeal from an order of the Supreme Court, Suffolk County, entered November 15, 1968, which granted the application. Order affirmed, with $20 costs and disbursements. The judgment debtor entered into a contract for the bulk sale of his businesses to Advance Technology Corporation on October 11, 1967. The contract provided that the seller would execute an affidavit to the effect that he had no creditors, in lieu of complying with the provisions of article 6 of the Uniform Commercial Code which requires notice of a pending bulk sale to be given to the creditors of the seller. Subsequently the seller conceded that creditors did exist and the parties to the sale agreed that the entire purchase price, $140,000, was to be placed in escrow and held for distribution to the creditors in accordance with an agreed-upon schedule which listed preferred claims to be paid in full and general claims to be paid at the rate of 17.795%. Pursuant to this agreement, $140,000 was placed in the hands of the escrow agents and later, after deduction of $5,000 therefrom for said agents' fees and expenses, the balance was transferred to appellants, as substituted escrow agents. The terms and conditions of the escrow, contained in a letter signed by both parties to the sale, directed that the escrow agents were not required to satisfy the claim of any creditor if the amount of the fund was less than the aggregate of the amount allowed to each creditor plus (1) sums, if any, owing by the seller to the buyer for breach of the contract or under an indemnity agreement contained in the contract, (2) the amount of any other debts or liabilities of the seller existing on the date of the escrow agreement and (3) the amount